Scott M. Kinkley
*Northwest Justice Project*
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128
Scottk@nwjustice.org

Kirk D. Miller
*Kirk D. Miller, P.S.*
421 W. Riverside Ave., Suite 660
Spokane, WA 99201
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROSE PICKINGS,<br><br>    Plaintiffs,<br><br>    vs.<br><br>SUTTELL, HAMMER, & WHITE, P.S.; and MIDLAND FUNDING, LLC.<br><br>    Defendants. | Case No.:<br><br>COMPLAINT |

Plaintiff Rose Pickings, by and through her attorneys, Scott M. Kinkley of the *Northwest Justice Project*, and Kirk D. Miller of *Kirk D. Miller, P.S.,* alleges the following:

### I.    JURISDICTION & VENUE

1.1    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and 28 U.S.C. § 1331.  Supplemental jurisdiction exists for state

COMPLAINT
Page 1 of 18

law claims, pursuant to 28 U.S.C. § 1367. Declaratory relief is available, pursuant to 28 U.S.C. § 2201 and § 2202.

1.2     Venue is proper in this District, under 28 U.S.C. § 1391(b), because the Defendants conduct affairs and transact business in this District, a significant portion of the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the Court.

## II.    FEDERAL QUESTION SUBJECT MATTER JURISDICTION

2.1     This Court has subject matter jurisdiction by virtue of the federal Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692 ("FDCPA").

2.2     Plaintiff Rose Pickings is a "consumer," as defined by the FDCPA, 15 U.S.C. § 1692(a)(3).

2.3     Plaintiff Rose Pickings is a natural person, who resides in Spokane County, Washington.

2.4     Defendants Suttell, Hammer, & White, P.S., and Midland Funding, LLC, alleged that Plaintiff Rose Pickings was obligated to pay a debt incurred for personal, family or household purposes.

2.5     Defendants Suttell, Hammer, & White, P.S., and Midland Funding, LLC, were each attempting to collect a "debt," as defined by FDCPA, 15 U.S.C. § 1692(a)(5), from Plaintiff Rose Pickings.

COMPLAINT
Page 2 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

2.6     The alleged debt that Defendants Suttell, Hammer, & White, P.S., and Midland Funding, LLC, attempted to collect was an alleged obligation of the Plaintiff to pay money arising out of a transaction primarily for personal, family or household purposes.

2.7     More specifically, the money the Defendants attempted to collect from the Plaintiff arose from an alleged breach of a personal credit card account.

2.8     Defendant Suttell, Hammer & White, P.S., is a multi-state law firm, operating in Washington State, whose principle purpose is filing tens of thousands of lawsuits each year in an attempt to collect consumer debt.

2.9     Defendant Suttell, Hammer & White, P.S., is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

2.10    Defendant Suttell, Hammer & White, P.S., is in the business of collecting debts.

2.11    Defendant Suttell, Hammer & White, P.S., uses interstate commerce or the mails for the collection of debts.

2.12    Defendant Suttell, Hammer & White, P.S., regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another using the telephone and mail.

2.13    Defendant Suttell, Hammer & White, P.S., communicated with the Plaintiff with the intent to collect a debt.

COMPLAINT
Page 3 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

2.14    Defendant Midland Funding, LLC, is a company that purchases bulk volume of delinquent consumer debt and attempts to collect the purchased consumer debt by sending letters, placing collection phone calls, and filing thousands of lawsuits in Washington State each year.

2.15    Defendant Midland Funding, LLC, is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

2.16    Defendant Midland Funding, LLC, uses instruments of interstate commerce to collect debts.

2.17    Defendant Midland Funding, LLC, uses the mail to collect debts.

2.18    Defendant Midland Funding, LLC, regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another using the telephone and mail.

2.19    All charges that the Defendants alleged that Plaintiff owed were for personal, family or household purposes.

### III.    PARTIES

3.1    Now, and at all relevant times, Plaintiff was a resident of the state of Washington residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

COMPLAINT

Page 4 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

3.2	Defendant Suttell, Hammer & White, P.S., is a Washington professional service corporation doing business in the Eastern District of Washington.

3.3	Defendant Suttell, Hammer & White, P.S., is doing business as a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692(a)(6), in the Eastern District of Washington of the United States District Court.

3.4	Defendant Suttell, Hammer, & White, P.S., is a law firm with attorneys licensed in the state of Washington, engaged in the collection of debts within the state of Washington, including Spokane County.

3.5	Defendant Midland Funding, LLC, is a limited liability corporation doing business as a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692(a)(6), in the Eastern District of Washington of the United States District Court.

3.6	Attorneys from Defendant Suttell, Hammer & White, P.S., regularly appear on behalf of Defendant Midland Funding, LLC, in state court collection lawsuits within the territorial jurisdiction of the Eastern District of Washington of the United States District Court.

3.7	All acts alleged of Defendant Suttell, Hammer & White, P.S., were done on its own behalf and on behalf of Defendant Midland Funding, LLC.

COMPLAINT
Page 5 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

## IV. FACTS

4.1   On October 17, 2016, Defendant Midland Funding, LLC, filed a civil lawsuit against Plaintiff Rose Picking in the Spokane County District Court, Case Number: 16167674 (hereinafter referred to as the "Debt Collection Lawsuit").

4.2   The Debt Collection Lawsuit alleged that "defendant [Plaintiff Rose Pickings] has been the obligor of a certain credit account bearing number [xxxx xxxx] 9290, originally issued by Synchrony Bank which has been assigned to plaintiff [Defendant Midland Funding, LLC]."

4.3   The Debt Collection Lawsuit further alleged that "By use of the said credit account, said defendant became indebted on said account for goods, services, and monies with a charge off balance of $1,109.67, and a current unpaid balance of $1,109.67, which is fully due and owing to plaintiff, together with such greater sum as may be proved at the time of trial."

4.4   And finally, the Debt Collection Lawsuit alleged, "we are debt collectors, this is an attempt to collect a debt and any information obtained will be used for that purpose."

4.5   The Debt Collection Lawsuit was prepared for Defendant Midland Funding, LLC, by Defendant Suttell, Hammer & White, P.S., and signed by attorney Chris Hoxie, WSBA # 46293.

COMPLAINT
Page 6 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

4.6     On October 20, 2016, Plaintiff Rose Pickings was served with the Debt Collection Lawsuit.

4.7     On November 3, 2016, Scott M. Kinkley, an attorney with the legal services law firm, the Northwest Justice Project, filed a Notice of Appearance with the District Court. A true and correct copy of Mr. Kinkley's Notice is attached as Exhibit "A" and incorporated as though fully set forth herein.

4.8     On November 3, 2016, Marcy Chicks, a legal assistant for the Northwest Justice Project, placed Mr. Kinkley's Notice of Appearance in the mail with the United States Postal Service addressed to "Chis Hoxie, Suttell, Hammer & White, PS, PO Box C-90006, Bellevue, WA 98009." A true and correct copy of the Declaration of Mailing is attached as Exhibit "B" and incorporated as though fully set forth herein.

4.9     On November 3, 2016, Ms. Chicks filed a Declaration of Mailing of Mr. Kinkley's Notice of Appearance with the Spokane County District Court, *Midland Funding, LLC v. Rose Pickings,* Case No.: 1617674.

4.10    On November 14, 2016, William Damaskos, legal assistant to Suttell, Hammer & White, P.S., mailed Plaintiff Pickings a letter dated November 11, 2016 ("November 14, 2016, letter").

COMPLAINT
Page 7 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

4.11   The November 14, 2016, letter was addressed directly to Ms. Pickings – not to her attorney – and mailed to Ms. Pickings' home address at 541 E. Hawthorne Rd., Apt 24, Spokane, WA 99218.

4.12   Enclosed with the November 14, 2016, letter was a second letter, also addressed to Plaintiff at her home address and dated November 11, 2016, as well as a pleading titled "STIPULATION FOR PAYMENTS AND CONFESSION OF JUDGMENT" captioned in the lawsuit of *Midland Funding, LLC v. Rose Pickings*, Spokane County District Court Case No.: 16167674.

4.13   A true and correct copy of the November 14, 2016, letter and enclosures is attached as Exhibit "C" and incorporated as though fully set forth herein.

4.14   A true and correct copy of the envelope containing the November 14, 2016, letter is attached as Exhibit "D" and incorporated as though fully set forth herein.

4.15   A copy of the November 14, 2016, letter and stipulation for judgment was not sent to Ms. Pickings' attorney.

4.16   Defendants did not notify Plaintiff's counsel that they requested Ms. Pickings sign a stipulated judgment.

4.17   The November 14, 2016, letter and enclosures, each and as a whole, was an attempt to collect a debt from Ms. Pickings.

COMPLAINT
Page 8 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

4.18   It is an unfair and deceptive act to attempt to collect a debt from a person known to be represented by an attorney.

4.19   The November 14, 2016, letter to Ms. Pickings stated, "This letter is written to inform you that our offices did not receive the **Stipulation for Payments and Confession of Judgment**.  Please immediately return the aforementioned document, **signed and notarized**, in order to avoid further collection efforts."  (Emphasis in the original.)

4.20   The Plaintiff understood that the statement "in order to avoid further collection efforts" meant that collection efforts would cease if the confession of judgment were entered.

4.21   Under the least sophisticated consumer standard, the statement "in order to avoid further collection efforts" also implies that collection efforts would cease if the confession of judgment was signed.

4.22   However, the Suttell, Hammer & White, P.S., law firm, Midland Credit Management, Inc., and Midland Funding, LLC, do not cease collection efforts after entry of judgment, agreed or otherwise.

4.23   Stated similarly, Plaintiff Pickings would not have avoided further collection efforts if she signed the Stipulated Judgment.

COMPLAINT
Page 9 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

4.24   To the contrary, the Defendants regularly engage in aggressive post-judgment collection activity including garnishment, liens on real property, and supplemental proceedings.

4.25   The content of the November 14, 2016, letter was false, misleading and deceptive because it implied that collection efforts would be avoided if the stipulated judgment were signed.

4.26   The content of the November 14, 2016, letter unfairly implied that collection efforts would be avoided if the stipulated judgment were signed.

4.27   The November 14, 2016, letter to Plaintiff Pickings further stated, "the Stipulation must be signed and notarized pursuant to law."

4.28   The Plaintiff understood that the statement "must be signed and notarized pursuant to law" meant that the "law" required her to agree to the entry of the stipulated judgment.

4.29   Under the least sophisticated consumer standard, the statement "must be signed and notarized pursuant to law" also implies that the "law" requires agreement to the entry of the stipulated judgment.

4.30   The content of the November 14, 2016, letter was false, misleading and deceptive where it suggested that the "law" required the Plaintiff to agree to the stipulated judgment.

COMPLAINT
Page 10 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

4.31   The content of the November 14, 2016, letter unfairly stated that the "law" required the Plaintiff to agree to the stipulated judgment.

4.32   After receiving the November 14, 2016, letter and enclosures, an emotional Plaintiff Pickings called the Suttell, Hammer, & White, P.S., law firm to plead for mercy.

4.33   Plaintiff Pickings spoke with a collector believed to be named "Stephanie."

4.34   At some point during the call, Plaintiff Pickings mentioned she had an attorney and was challenged to provide his or her name and phone number. When Ms. Pickings hesitated, while she searched for her attorney's information, "Stephanie" asked Ms. Pickings if she was "going through the phone book."

4.35   Eventually, Plaintiff Pickings was able to provide the name and contact information for her attorney with the Northwest Justice Project. After receiving this information, "Stephanie" placed Ms. Pickings on hold and called attorney Scott M. Kinkley with the Northwest Justice Project and demanded that Mr. Kinkley "verify that he does not represent a Rose Pickings."

4.36   During her call to Mr. Kinkley, "Stephanie" acknowledged that there was an electronic record indicating that Mr. Kinkley's Notice of Appearance had been received by Suttell, Hammer, & White, P.S., prior to the November 14, 2016, letter.

COMPLAINT
Page 11 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

4.37    On information and belief, Suttell, Hammer & White, P.S., records all collection calls with alleged debtors and their attorneys.

4.38    Following the phone call with Ms. Pickings, Ms. Pickings made multiple demands through her counsel that a copy of the recordings be produced.

4.39    Acknowledging that a copy of the recording existed, the Suttell, Hammer & White law firm refused to produce a copy.

4.40    On November 21, 2016, attorney Scott M. Kinkley sent an anti-spoliation letter to Defendant Chris Hoxie at Suttell, Hammer & White, P.S., PO Box C-90006, Bellevue, WA 98009, informing Mr. Hoxie of forthcoming litigation and his duty to preserve a copy of the voice recording with Plaintiff Pickings.

4.41    A true and correct copy of the November 21, 2016, anti-spoliation letter is attached as Exhibit "E" and incorporated as though fully set forth herein.

4.42    The November 14, 2016, letter and phone call with the Suttell, Hammer & White, P.S., collector caused significant mental anguish and emotional distress.

## V.    VIOLATION OF THE FDCPA 15 USC § 1692

5.1    Defendants Suttell, Hammer & White, P.S., and Midland Funding, LLC, each violated 15 U.S.C. § 1692b(6) by communicating with Plaintiff

COMPLAINT
Page 12 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

Pickings in an attempt to collect a debt after it knew she was represented by an attorney.

5.2    Defendants Suttell, Hammer & White, P.S., and Midland Funding, LLC, each violated 15 U.S.C. § 1692e and e(10) by making false, deceptive and misleading statements which falsely, deceptively and unfairly represented that (1) Ms. Pickings was required by law to sign a stipulated judgment; (2) that by signing a stipulated judgment she would avoid further collection efforts; and (3) by attempting to collect a debt from Ms. Pickings while she was represented by an attorney.

5.3    Defendants Suttell, Hammer & White, P.S., and Midland Funding, LLC, each violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt by (1) stating Ms. Pickens was required by law to sign a stipulated judgment; (2) that by signing a stipulated judgment she would avoid further collection efforts; and (3) by attempting to collect a debt from Ms. Pickings while she was represented by an attorney.

### VI.    VIOLATION OF THE WASHINGTON COLLECTION AGENCY ACT

6.1    Defendant Suttell, Hammer & White, P.S., is a "collection agency" as defined by RCW 19.16.100.

COMPLAINT
Page 13 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

6.2    Defendant Suttell, Hammer & White, P.S., is directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person.

6.3    The sole business of Suttell, Hammer & White, P.S., is the collection of debts.

6.4    Defendant Suttell, Hammer & White, P.S., attempts to collect the debts allegedly owed or due to another.

6.5    Defendant Suttell, Hammer & White, P.S., is licensed as a collection agency in the State of Washington.

6.6    Defendant Midland Funding, LLC, is a "collection agency" as defined by RCW 19.16.100.

6.7    Defendant Midland Funding, LLC, is directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims, owed or due or asserted to be owed or due another person.

6.8    Defendant Midland Funding, LLC, is engaged in the business of purchasing delinquent or charged off claims for collection purposes.

6.9    The sole business of Midland Funding, LLC, is the collection of debts.

6.10    Defendant Midland Funding, LLC, attempts to collect the debts allegedly owed or due to another.

COMPLAINT
Page 14 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

6.11   Defendant Midland Funding, LLC, is licensed as a collection agency in the state of Washington.

6.12   Defendants Suttell, Hammer & White, P.S., and Midland Funding, LLC, each violated the WCAA by engaging in practices prohibited by RCW 19.16.250(12) by attempting to collect a debt from a person known to be represented by an attorney.

## VII.   VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

7.1   A violation of the WCAA is a per se unfair or deceptive act or practice, occurring in trade or commerce, against the public interest and capable of repetition.

7.2   The Consumer Protection Act of the state of Washington requires that all businesses abstain from unfair or deceptive practices or acts.

7.3   Defendants Suttell, Hammer & White, P.S., and Midland Funding, LLC, by and through its agents and employees, its policies and procedures, engaged in deceptive and unfair acts and practices that caused injury to the Plaintiff.

7.4   Defendants Suttell, Hammer & White, P.S., and Midland Funding, LLC, engaged in unfair and/or deceptive acts and practices in attempting to collect a debt from a person known to be represented.

COMPLAINT
Page 15 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

7.5     Defendants Suttell, Hammer & White, P.S., and Midland Funding, LLC, have engaged in unfair and/or deceptive acts and practices by representing that by signing a stipulated judgment Ms. Pickings would avoid further collection efforts.

7.6     Defendants Suttell, Hammer & White, P.S., and Midland Funding, LLC, have engaged in unfair and/or deceptive acts and practices by representing that Ms. Pickings was required by "law" to agree to a stipulated judgment.

7.7     The conduct of Defendants Suttell, Hammer & White, P.S., and Midland Funding, LLC, occurred in trade and/or commerce.

7.8     Defendants Suttell, Hammer & White, P.S., and Midland Funding, LLC, attempt to collects hundreds or thousands of alleged debts in the state of Washington each year.

7.9     The acts and practices of Defendants Suttell, Hammer & White, P.S., and Midland Funding, LLC, are capable of repetition and, therefore, affect the public interest.

7.10    Defendants Suttell, Hammer & White, P.S., and Midland Funding, LLC, by and through its agents and employees, its policies and procedures, have engaged in deceptive and unfair acts and practices that have caused injury to the Plaintiff by causing the Plaintiff to incur phone charges, travel expenses, postage and other expenses.

COMPLAINT
Page 16 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

7.11    Defendants Suttell, Hammer & White, P.S., and Midland Funding, LLC, engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the Plaintiff.

7.12    Collection of unlawfully inflated, alleged debts is against public interest.

7.13    Unlawful and unfair debt collections are against public interest.

7.14    The Defendants' actions were the direct cause of the injury to Plaintiff's property.  As a result of the Defendants' actions, Plaintiff lost the use, possession and enjoyment of her property.

## VIII.  DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

8.1    Actual damages, including mental anguish and emotional distress;

8.2    Treble actual damages, pursuant to RCW 19.86, *et seq.;*

8.3    Statutory damages, pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A);

8.4    Costs and reasonable attorney's fees, pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3) and RCW 19.86, *et seq.*;

8.5    Prejudgment interest;

8.6    Injunction prohibiting Defendants from:

COMPLAINT
Page 17 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

  8.6.1 Attempting to collect debts from persons known to be represented;

  8.6.2 Falsely implying that debtors have a legal duty to agree to stipulated judgments;

  8.6.3 Falsely representing that by agreeing to a stipulated judgment, collection activities will cease; and

8.7 For such other and further relief as may be just and proper.

DATED this 12th day of July, 2017.

| Northwest Justice Project | Kirk D. Miller, P.S. |
|---|---|
| /s Scott M. Kinkley<br>Scott M. Kinkley, WSBA #42434<br>Attorney for Plaintiff | /s Kirk D. Miller<br>Kirk D. Miller, WSBA #40025<br>Attorney for Plaintiff |

COMPLAINT
Page 18 of 18

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128